IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GYPSIE JONES,

      Plaintiff,                      No. CIV S-06-2027 FCD EFB

    vs.

HOME DEPOT U.S.A., Inc. dba         ORDER
HOME DEPOT #6682, et al.,

      Defendants.
_____/

       This matter was before the undersigned on August 22, 2007, for hearing on plaintiff's motion to compel defendants' supplemental responses to discovery. Mark W. Emmett appeared as plaintiff's counsel and Marc Koenigsberg appeared as defense counsel. Having considered all submitted papers, and having heard oral argument, the court indicated its intention at the hearing to grant plaintiff's motion, but delayed issuing an order pending submission by plaintiff's counsel of a verified bill of costs incurred in bringing the motion.

       On August 24, 2007, plaintiff's counsel submitted declarations in support of the request for an award of fees and costs under Fed. R. Civ. P. 37(a). Defendant filed an opposition to plaintiff's request, to which plaintiff's counsel filed a reply. Having considered all submitted papers, the court hereby grants plaintiff's motion to compel defendant's supplemental responses to interrogatories and request for productions, and awards costs and fees, as detailed below.

1

I. <u>MOTION TO COMPEL</u>

This case is proceeding on the complaint filed by plaintiff on September 11, 2006. Plaintiff, a disabled person, alleges claims against defendants under the Americans with Disabilities Act and similar state laws. Plaintiff served defendant Home Depot U.S.A, Inc. dba Home Depot #6682 ("Home Depot") with interrogatories and requests for production of documents on January 3, 2007. Home Depot sought and received a three-week extension to respond. The responses provided by defendants consisted of boilerplate objections and almost no substantive responses. The parties met and conferred regarding plaintiff's demand for supplemental responses, and plaintiff ultimately filed a motion to compel on July 6, 2007. Two days before the parties' joint statement was due, Home Depot served plaintiff with supplemental responses. *See* E.D. Cal. L.R. 37-251. At the hearing, plaintiff's counsel indicated that he was largely satisfied with the substance of the late production, but indicated that Home Depot had failed to produce a privilege log as required by Fed. R. Civ. P. 26(b)(5).

Accordingly, consistent with the court's comments at the hearing, plaintiff's motion to compel is granted to the extent there is any outstanding discovery that defendant has not produced. Further, the court orders defendant to produce a privilege log, if it has not already done so, within five days from the date of service of this order.

II. <u>AWARD OF COSTS</u>

In the motion to compel, plaintiff originally requested an award in the amount of $1,500.00. At the hearing, the court indicated that it would grant plaintiff's request for an award of fees and costs, pursuant to Fed. R. Civ. P. 37(a)(4), pending a verified, itemized bill of costs and fees.

In the bill of costs subsequently submitted to the court, plaintiff's counsel included his own declaration, in addition to declarations by another attorney, Adam Sorrells, and a paralegal, all attesting to time spent and fees incurred in making the motion. Based on those declarations, plaintiff revised her request for fees to $3,318.75. The paralegal estimated she spent seven hours

of billable time, at $75.00 per hour, in preparing the joint statement.  Mr. Sorrells estimated that he spent three hours trying to resolve the dispute and one hour in preparing his declaration to that effect.  His billing rate was $250.00.  Finally, Mr. Emmett submitted a declaration, stating he had spent a total of 10.25 hours preparing the motion and joint statement, including three hours of travel time to and from the hearing.  Mr. Emmett's hourly rate is also $250.00.

Defense counsel objects to plaintiff's suddenly increased request for an award of costs and fees.  In opposition to that request, defense counsel submitted an exhibit showing a joint statement prepared by plaintiff's counsel in another, earlier case that includes a substantial amount of identical wording and argument to the one prepared for this case.  *See* Defendants' Objections to Plaintiff's Request for Fees and Declaration of Marc B. Koenigsberg, in support thereof.  Mr. Koenigsberg also suggests it was improper for plaintiff to keep the matter on the court's calendar in light of Home Depot's production of documents just prior to the hearing.  He also suggests that plaintiff's counsel should have appeared telephonically rather than traveling to Sacramento for the hearing.

The court does not generally allow telephonic appearances, and the rules provide for an award of fees even where "the disclosure or requested discovery is provided after the motion was filed . . . ."  Fed. R. Civ. P. 37(a)(4).  Here, defendant did not produce the requested discovery until several months after it was due, and only days before the scheduled hearing on the motion.  Plaintiff's counsel was entitled to leave the matter on the court's calendar.

Although the court finds the hourly rates of plaintiff's counsel reasonable, the court reduces the award to the amount of $2,043.75.

III. CONCLUSION

In accordance with the forgoing, IT IS ORDERED that:

1. Plaintiff's motion to compel defendant Home Depot's supplemental responses to interrogatories and requests for production of documents is granted to the extent there remains any outstanding discovery.  To the extent Home Depot has not yet filed a privilege log to

1 correspond with its privilege objections, it shall do so within five days from the date of service of
2 this order; and,
3     2. Plaintiff is awarded $2,043.75, for fees and costs incurred in bringing the motion to
4 compel.
5 DATED: September 24, 2007.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE

4